UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------------X

THE TRAVELERS INDEMNITY COMPANY,

Plaintiff,

-against-

HARTFORD ACCIDENT & INDEMNITY COMPANY, and ADMIRAL INSURANCE COMPANY,

Defendants.

------------------------------------------------------------------X

Civil Action No.

**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff, THE TRAVELERS INDEMNITY COMPANY ("Travelers"), by its attorneys, Usery & Associates, as and for its Complaint for Declaratory Judgment against Defendants, Hartford Accident & Indemnity Company ("The Hartford") and Admiral Insurance Company ("Admiral"), alleges upon information and belief as follows:

**NATURE OF THE ACTION**

1. In this action, Travelers seeks a declaration that The Hartford is obligated to defend and to indemnify its insured, Cranshaw Construction of New England, Inc. ("Cranshaw"), as an additional insured ("AI"), in connection with a lawsuit entitled *Hayden Richards v. Cranshaw Construction of New England, Inc., et al.*, brought in the Superior Court of the Commonwealth of Massachusetts, Middlesex County, Civil Action No. 2381CV02122 (the "Underlying Action"), under a policy of insurance issued by The Hartford to Novel Iron Works, Inc. ("Novel"), on a primary and noncontributory basis.

2. Travelers further seeks a declaration that Admiral is obligated to defend and to indemnify Cranshaw as an AI in connection with the Underlying Action, under a policy of insurance issued by Admiral to Jerez LLC ("Jerez"), on a primary and noncontributory basis.

## JURISDICTION AND VENUE

3. At all times relevant hereto, Travelers was and is a Connecticut corporation duly licensed and authorized to write insurance and conduct business in the Commonwealth of Massachusetts, with a principal place of business in Hartford, Connecticut.

4. Upon information and belief, at all times relevant hereto, Hartford Accident & Indemnity Company was and is a Connecticut corporation duly licensed and authorized to write insurance and conduct business in the Commonwealth of Massachusetts, with a principal place of business in Hartford, Connecticut.

5. Upon information and belief, at all times relevant hereto, Admiral Insurance Company was and is a Delaware corporation duly licensed and authorized to write insurance and conduct business in the Commonwealth of Massachusetts, with a principal place of business in Scottsdale, Arizona.

6. This Court has subject matter jurisdiction due to diversity of citizenship and the amount in controversy in the Underlying Action is in excess of $75,000.00 exclusive of interest and costs, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to the claims occurred here, as the construction project at issue was located at 3368 Washington Street, Jamaica Plain, Massachusetts, and the Underlying Action is pending in Middlesex County, Massachusetts.

8. An actual justiciable controversy exists between the parties as to the coverage afforded under insurance policies issued by Defendants The Hartford and Admiral.

9. Travelers has no adequate remedy at law.

## THE INSURANCE POLICIES

10. Travelers issued a Commercial General Liability policy to Cranshaw Construction of New England, Inc. (the "Travelers Policy"), with limits of $2,000,000 per occurrence / $4,000,000 general aggregate.

11. The Travelers Policy contains an applicable excess "other insurance" clause stating that coverage under the Travelers Policy is excess over any other coverage available to an insured as an additional insured under another policy.

12. Hartford Accident & Indemnity Company issued a Commercial General Liability policy to Novel Iron Works, Inc., bearing policy number PRP4064278 (the "Hartford Policy"), effective for the policy period encompassing December 27, 2022, the date of the incident alleged in the Underlying Action.

13. The Hartford Policy includes additional insured endorsement, form HS2483 07 13, which extends additional insured status to Cranshaw on a primary and noncontributory basis with respect to liability "arising out of" Novel's work or operations, as confirmed by the Certificate of Liability Insurance issued in connection with the Hartford Policy.

14. Admiral Insurance Company issued Commercial General Liability Policy No. CA000023348-07 to Jerez LLC, effective February 1, 2022 through February 1, 2023 (the "Admiral Policy"), with the policy period encompassing December 27, 2022, the date of the incident alleged in the Underlying Action.

15. The Admiral Policy includes AI endorsements CG 20 10 12 19 (Additional Insured, Owners, Lessees or Contractors, Scheduled Person or Organization) and CG 20 37 12 19, which extend additional insured status with respect to liability for bodily injury "caused, in whole or in

part, by" Jerez's acts or omissions, or the acts or omissions of those acting on Jerez's behalf, in the performance of Jerez's ongoing operations for the additional insured at the Project location.

16. The Certificate of Liability Insurance issued in connection with the Admiral Policy confirms that Cranshaw Construction of New England LP is named as an AI with respect to general liability when required by written contract.

17. Both The Hartford Policy and the Admiral Policy were in effect on December 27, 2022, the date of the incident alleged in the Underlying Action.

**THE UNDERLYING AGREEMENT AND LAWSUIT**

18. The construction project at issue (the "Project") was located at 3368 Washington Street, Jamaica Plain, Massachusetts. Cranshaw served as the general contractor on the Project.

19. By written Subcontract Agreement dated January 18, 2022 (the "Novel Subcontract"), Cranshaw retained Novel Iron Works, Inc. to fabricate and erect structural steel at the Project. Novel, in turn, retained H.B. Welding, Inc. ("HBW") as its sub-subcontractor to erect the structural steel. See **Exhibit 1**.

20. The Novel Subcontract (TENTH Article) expressly required Novel to name Cranshaw as an AI using ISO Additional Insured Endorsements CG 2010 (10/93) and CG 20 37 (10/01), or CG 2033 and CG 2037 (10/01) or their equivalent, on a primary and non-contributing basis, with coverage to be as broad as necessary to support the indemnification requirements of the Novel Subcontract. See **Exhibit 1**.

21. By written Subcontract Agreement dated July 15, 2022 (Contract No. SC-6750043) (the "Jerez Subcontract"), Cranshaw retained Jerez LLC to provide "Labor Services: provide daily temporary labor services as requested by Cranshaw Construction" at the Project. See **Exhibit 2**.

22. The Jerez Subcontract (TENTH Article) expressly required Jerez to name Cranshaw as an AI using ISO Additional Insured Endorsements CG 2010 (10/93) and CG 20 37 (10/01), or CG 2033 and CG 2037 (10/01) or their equivalent, on a primary and non-contributing basis. See **Exhibit 2**.

23. On December 27, 2022, Hayden Richards ("Richards"), an ironworker employed by HBW, was allegedly injured at the Project. Richards alleges that while working in the basement area, he slipped on accumulated ice and fell backwards, striking his head. At the time of the accident, Jerez employees were actively engaged in spreading salt in the basement area at Cranshaw's direction but had not yet reached the area where Richards was working. Richards reported icy conditions to his HBW foreman, Albert Cole, who directed Richards to proceed to work in the untreated area.

24. Richards filed the Underlying Action against Cranshaw, asserting negligence claims arising from the alleged ice condition and fall.

25. Cranshaw filed a third-party complaint against Novel and Jerez in the Underlying Action. Novel filed a fourth-party complaint against HBW.

26. Travelers, as the insurer for Cranshaw, has been providing and continues to provide a defense to Cranshaw in the Underlying Action.

27. Travelers has incurred and continues to incur costs and fees in providing that defense to Cranshaw.

## TENDERS TO THE HARTFORD

28. By correspondence dated July 25, 2023, Travelers formally tendered the defense and indemnification of Cranshaw to Novel in connection with the claims asserted by Richards. Novel never responded to Travelers' July 25, 2023 tender.

29. By correspondence dated April 20, 2026, Cranshaw's defense counsel tendered the defense and indemnification of Cranshaw to Novel in connection with the Underlying Action.

30. By correspondence dated May 6, 2026, Travelers' adjuster followed up with The Hartford's representatives, demanding a written coverage position within seven days. A further follow-up demand was issued on August 25, 2026.

31. By correspondence dated August 18, 2026, Novel's defense counsel denied Travelers' tender.

32. As of the date of this Complaint, The Hartford has not issued any written acceptance, denial, or reservation of rights in response to Travelers' tenders, and has not assumed the defense of Cranshaw in the Underlying Action.

## TENDERS TO ADMIRAL

33. By correspondence dated March 10, 2023, Travelers formally tendered the defense and indemnification of Cranshaw to Jerez in connection with the claims asserted by Richards.

34. By correspondence dated May 2, 2023, Admiral issued a written denial on two grounds: (1) the absence of a written agreement confirming the AI obligation for snow and ice removal work, and (2) the absence of information establishing that the incident was caused, in whole or in part, by Jerez's acts or omissions. Admiral expressly invited further consideration upon receipt of the written agreement.

35. By correspondence dated May 3, 2023, Travelers transmitted the fully executed Cranshaw-Jerez Subcontract Agreement and the Certificate of Liability Insurance to Admiral, directly addressing Admiral's first stated ground for denial.

36. By correspondence dated May 26, 2026, Travelers issued a renewed formal tender to Admiral, attaching the Jerez Subcontract and policy information, and demanded that Admiral

accept the tender, assume Cranshaw's defense costs, confirm primary and non-contributing coverage, and produce a complete certified copy of the Admiral Policy.

37. On August 27, 2026, Admiral's adjuster responded by informal email stating: "There is no contract with the scope of work for removal of ice. We reject this tender." No formal coverage letter accompanied this email, and Admiral offered no analysis of the policy language, the subcontract terms, or the deposition and billing evidence that Travelers had presented.

38. By correspondence dated August 27, 2026, Travelers provided Admiral with deposition testimony establishing that snow and ice removal was generally accepted as part of Jerez's general labor scope, with Jerez billing for such work on December 27, 2022 on a time and materials basis, and that Cranshaw separately required Jerez to document those hours because the project owner reimbursed those costs. Travelers demanded that Admiral reconsider its position. Admiral has not responded.

39. As of the date of this Complaint, Admiral has not accepted Travelers' tender or assumed the defense of Cranshaw in the Underlying Action.

**TRAVELERS' FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF – THE HARTFORD**

40. Travelers repeats and realleges the allegations contained in paragraphs 1 through 39 above as if set forth here in their entirety.

41. Cranshaw qualifies as an AI under The Hartford Policy pursuant to The Hartford's form HS2483 07 13. The Novel Subcontract, executed prior to the December 27, 2022 date of loss, expressly required Novel to add Cranshaw as an AI on a primary and noncontributory basis.

42. The Hartford's form HS2483 07 13 uses the broad "arising out of" standard for AI coverage.

43. The "arising out of" coverage trigger is satisfied. Richards was an HBW ironworker assigned to perform steel bolt-tightening work, which was the precise scope of Novel's structural steel subcontract and HBW's sub-subcontract. He was injured within the general work area where Novel's and HBW's structural steel operations were being performed.

44. The coverage provided to Cranshaw by The Hartford Policy is primary and noncontributory with respect to the Travelers Policy, pursuant to The Hartford's form HS2483 07 13 and the express primary and non-contributing requirements of the Novel Subcontract's TENTH Article.

45. The Hartford has refused and failed to provide coverage to Cranshaw in respect of the Underlying Action and has not provided any written coverage position in response to Travelers' tenders.

46. Accordingly, Travelers seeks a declaration that The Hartford has an obligation to defend and indemnify Cranshaw as an AI under The Hartford Policy; that the coverage provided by The Hartford Policy to Cranshaw is primary and noncontributory; and that the obligations of Travelers to Cranshaw in the Underlying Action are excess to proper exhaustion and full payment of the applicable limits of The Hartford Policy.

**TRAVELERS' SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF – ADMIRAL**

47. Travelers repeats and realleges the allegations contained in paragraphs 1 through 46 above as if set forth herein in their entirety.

48. Cranshaw qualifies as an AI under the Admiral Policy. The Jerez Subcontract, executed prior to the December 27, 2022 date of loss, expressly required Jerez to add Cranshaw as an AI on a primary and non-contributing basis.

49. The coverage trigger under the Admiral Policy's CG 20 10 12 19 endorsement has been met. At the time of Richards' injury, Jerez was actively engaged in ice remediation operations in the basement area, directly related to the hazardous condition that allegedly caused the accident. Jerez's failure to treat the specific area where Richards fell, or to otherwise ensure that untreated areas were restricted while workers were present, constitutes an act or omission in the performance of Jerez's ongoing operations that caused, in whole or in part, Richards' alleged injury.

50. The coverage provided to Cranshaw by the Admiral Policy is primary and noncontributory with respect to the Travelers Policy, pursuant to the Admiral Policy's AI endorsements and the express primary and non-contributing requirements of the Jerez Subcontract's TENTH Article.

51. Admiral has refused to provide coverage to Cranshaw with respect to the Underlying Action.

52. Accordingly, Travelers seeks a declaration that Admiral has an obligation to defend and indemnify Cranshaw as an AI under the Admiral Policy; that the coverage provided by the Admiral Policy to Cranshaw is primary and noncontributory; and that the obligations of Travelers to Cranshaw in the Underlying Action are excess to proper exhaustion and full payment of the applicable limits of the Admiral Policy.

**WHEREFORE**, Plaintiff Travelers respectfully requests that this Court issue judgment as follows:

**As to The Hartford:**

1. Declaring that The Hartford Policy was in full force and effect on December 27, 2022, the date of the alleged accident that is the subject of the Underlying Action.

2. Declaring that Cranshaw is an additional insured under The Hartford Policy for the claims asserted against it in the Underlying Action.

3. Declaring that The Hartford owes a duty to defend Cranshaw as an additional insured in connection with the Underlying Action.

4. Declaring that The Hartford has a duty to indemnify Cranshaw as an additional insured in connection with the Underlying Action.

5. Declaring that The Hartford's coverage obligations to Cranshaw in connection with the Underlying Action are primary and noncontributory.

6. Declaring that Travelers' coverage obligations to Cranshaw are excess to those of The Hartford with respect to the Underlying Action.

7. Granting an award in favor of Travelers against The Hartford for all sums Travelers has paid in defending Cranshaw in the Underlying Action, including all costs and expenses incurred from the date of first tender, July 25, 2023, to the date of this Complaint and thereafter.

**As to Admiral:**

1. Declaring that the Admiral Policy was in full force and effect on December 27, 2022, the date of the alleged accident that is the subject of the Underlying Action.

2. Declaring that Cranshaw is an additional insured under the Admiral Policy for the claims asserted against it in the Underlying Action.

3. Declaring that Admiral owes a duty to defend Cranshaw as an additional insured in connection with the Underlying Action.

4. Declaring that Admiral has a duty to indemnify Cranshaw as an additional insured in connection with the Underlying Action.

5. Declaring that Admiral's coverage obligations to Cranshaw in connection with the Underlying Action are primary and noncontributory.

6. Declaring that Travelers' coverage obligations to Cranshaw are excess to those of Admiral with respect to the Underlying Action.

7. Granting an award in favor of Travelers against Admiral for all sums Travelers has paid in defending Cranshaw in the Underlying Action, including all costs and expenses incurred from the date of first tender, March 10, 2023, to the date of this Complaint and thereafter.

**As to Both Defendants:**

1. Declaring that an actual controversy exists between Travelers and each of The Hartford and Admiral with respect to their respective duties to defend and indemnify Cranshaw in connection with the Underlying Action; and

2. Granting such other and further relief as the Court may deem just and proper.

Respectfully submitted
**THE TRAVELERS INDEMNITY COMPANY,**

By: /s/*Shahan J. Kapitanyan*
Shahan J. Kapitanyan, BBO# 654055
skapitan@travelers.com
**USERY & ASSOCIATES**
35 United Drive, Suite 200
West Bridgewater, MA 02379
Direct: (508) 946-6321
Fax:(844) 571-3789

Please address all correspondence
sent by mail to:
P.O. Box 2996
Hartford, CT 06104-2996

November 5, 2026